## CHARLES SEARLES *vs.* GEORGE L. ANDREWS.

The liability of the marshal of the United States to an action for work and labor by one whom he has employed as keeper of goods attached on *mesne* process is not affected by the U. S. St. of 1853, *c.* 80, regulating the fees and compensation to be allowed the marshal as costs.

CONTRACT against the marshal of the United States for the District of Massachusetts, to recover $418 for labor and services done and performed by the plaintiff for the defendant as keeper of goods attached by the defendant as marshal on *mesne* process upon a writ issuing out of the Circuit Court of the United States for said district. The answer admitted the employment of the plaintiff as keeper, but alleged that he was to be paid only what should be allowed on the taxation of costs in the Circuit Court, and that the suit was still pending, and the costs not taxed.

At the trial in the Superior Court, before *Scudder*, J., the plaintiff introduced evidence tending to show that the defendant on November 25, 1869, by his deputy, John B. Keyes, attached one hundred cases of sewing machines upon said writ; that Keyes employed the plaintiff as keeper of the property, telling him to take good care of the property and not deliver it up without an order, and promising that he should be paid for his trouble; that Keyes gave him a written paper appointing him " special bailiff " to take and keep possession of the machines until ordered by the marshal or his deputy to deliver them up; that he took and kept possession of the machines until ordered by the defendant to give them up; and that his services were worth the amount which he sought to recover.

It appeared that the action in which the writ was issued was still pending; and that the marshal's fees for custody of the property attached had not been fixed or determined; but it did not appear that the plaintiff, when employed by the defendant, knew what the action was, or where the writ was returnable.

The defendant then asked the judge to rule that the plaintiff could not recover, because by the U. S. St. of 1853, *c.* 80,* " the

---

* This chapter provides that the marshal shall have the following fees: " For service of any warrant, attachment, summons, capias, or other writ,

marshal was only allowed for keeping goods attached on *mesne* process, such fair compensation as the court to which the writ, on which the attachment was made, was returnable, should, on proper investigation, decide to be reasonable; and the plaintiff, as the special bailiff of the marshal, and *pro hac vice* his deputy, could only recover compensation of the marshal for his services when a sum had been fixed, and allowed to the marshal as such compensation by said court; and therefore, as at the time of commencing this action no such compensation had been fixed by said court, no cause of action had then accrued to the plaintiff; and because the fees of the plaintiff, as special bailiff of the marshal, would be part of the costs in the suit in which the attachment was made, to be allowed to the plaintiff therein, should he recover his costs, and could only be fixed and determined by said court."

The judge refused so to rule, the jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*C. H. Drew*, for the defendant.

*J. B. Richardson*, for the plaintiff.

GRAY, J. This action is brought against the marshal of the United States for this district by a keeper, appointed by one of the defendant's deputies, of property attached by the marshal by his said deputy, to recover for the plaintiff's services as such keeper. The declaration alleges, and the answer admits, that the defendant, by his deputy, employed the plaintiff to perform these services. The plaintiff was not a deputy marshal or other officer of the United States, but a mere servant of the defendant. No special contract for compensation being shown, the plaintiff was entitled to recover of his employer, the defendant, the reasonable value of his services, and that value, if disputed, must be assessed by a jury. The liability of the defendant to the plaintiff is not affected by the act of Congress of 1853, *c.* 80, regulating

(except execution, venire, or a summons or subpœna for a witness,) two dollars for each person on whom such service may be made : *Provided*, That on petition, setting forth the facts on oath, the court may allow such fair compensation for the keeping of personal property attached and held on *mesne* process, as shall, on examination, be found to be reasonable."

the fees to be allowed to the marshal by the United States Court as costs in the action in which the attachment was made.

*Exceptions overruled.*